IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID C. WALLS, *Individually and as Administrator of the Estate of David R. Walls*, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 17-872 |
| v. | ) ) | Judge Cathy Bissoon |
| FTS INTERNATIONAL, INC., and FTS INTERNATIONAL SERVICES, LLC, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Pending before the court is the Motion to Dismiss filed on behalf of FTS International, Inc. ("FTS International"), and FTS International Services, LLC ("FTS Services") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 12). In an amended complaint filed August 21, 2017, David C. Walls ("Plaintiff") asserts claims for negligence under Pennsylvania's Wrongful Death and Survival Acts, 42 Pa. Cons. Stat. §§ 8301–8302, pertaining to the death of his son, David R. Walls ("Decedent"). (Doc. 10). Defendants argue that the claims against FTS Services are preempted by Pennsylvania's Worker's Compensation Act, 77 Pa. Stat. § 1 *et seq.*, and that Plaintiff has failed to plead adequately a claim for gross negligence or negligence against FTS International. This court exercises subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. For the following reasons, Defendants' motion will be granted.

**BACKGROUND**

The following allegations appear in Plaintiff's Amended Complaint (Doc. 10). Decedent was employed by FTS Services, a subsidiary of FTS International. (Id. 10 ¶¶ 7, 15). On June 24, 2014, Decedent was operating a commercial vehicle owned by FTS Services. (Id. ¶¶ 6, 8). When he departed Wintersville, Ohio, for Eighty Four, Pennsylvania, Decedent had already been on the job for fourteen hours without any significant breaks. (Id. ¶ 42). A coworker noted that Decedent was visibly tired, but supervisors failed to adhere to company policy, or state and federal regulations, when Decedent was required to complete the trip to Eighty Four. (Id. ¶¶ 9–15, 42). While en route, Decedent fell asleep behind the wheel, his vehicle left the road, and he died in the ensuing accident. (Id. ¶¶ 10, 13).

FTS International had protocols in place to ensure the safety of drivers in these circumstances. (Id. ¶ 15). Employees of subsidiaries, such as FTS Services, received training pertaining to these policies. (Id. ¶ 15). FTS Services and its management allegedly broke safety protocols on a regular basis by placing drivers—like the Decedent—on the road without adequate rest, and without accurately logging hours already worked. (Id. ¶¶ 17–19). FTS International was purportedly aware of the practice and did nothing to correct it. (Id. ¶¶ 17, 42). Plaintiff believes that Defendants had a duty to provide Decedent with a safe work environment, and that the failure to do so constituted negligence. (Id. ¶ 17).

A complaint was initially filed against Defendants in the Court of Common Pleas of Allegheny County. (Doc. 1-2). Defendants subsequently removed the case to this court, and the operative amended complaint followed. The motion to dismiss is fully briefed.

# ANALYSIS[1]

As to Plaintiff's negligence claims against FTS Services, it is well-established that Pennsylvania's Worker's Compensation Act "provides the sole remedy 'for personal injuries allegedly sustained during the course of employment.'" Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) (quoting Dugan v. Bell Tel. of Pa., 876 F.Supp. 713, 723 (W.D. Pa. 1994)). Thus, any claims for injury in this Court are barred. Hogan v. Raymond Corp., 536 F.App'x 207, 210 (3d Cir. 2013) (citing Winterberg v. Transp. Ins. Co., 72 F.3d 318, 322 (3d Cir. 1995)). Plaintiff does not dispute the above recitation of the law; instead, he claims that the case should be allowed to proceed to discovery in order to uncover evidence of an exception to the exclusivity provision of the Worker's Compensation Act. (Doc. 14 at 3). Defendants deny that any exceptions are applicable, based upon the facts as pleaded. (Doc. 13 at 7–14).

Plaintiff speculates that there may exist evidence that the "third party attack" exception applies to FTS Services, because Decedent may have been "purposefully placed onto the road by his supervisor who intended the harm that followed." (Id.). No such facts are alleged in the Amended Complaint. Neither does Plaintiff make mention of any exceptions in his pleadings. Discovery should not be utilized as a fishing expedition for facts to support the speculative pleading of a case, particularly when the pleading is so deficient as to justify dismissal. Onyx Ins. Co., Inc. v. N.J. Dep't of Banking and Ins. Div. (DOBI), 704 F.App'x 110, 114 (3d Cir. 2017)

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

(citing Zuk v. E. Pa. Psychiatric Inst. of Med. Coll., 103 F.3d 294, 299 (3d Cir. 1996)); see also Levey v. Brownstone Inv. Group, LLC, 590 F.App'x 132, 137 (3d Cir. 2014) (citing Ranke v. Sanofi-Synthelabo, Inc., 436 F.3d 197, 204 (3d Cir. 2006)) (where a party has failed to meet the pleading standard, the court should not provide discovery in order to find a cause of action); Justiano v. G4S Secure Solutions, Inc., 291 F.R.D. 80, 83 (D.N.J. 2013) ("Discovery should not serve as a fishing expedition during which a party searches for evidence to support facts not yet pleaded."). Accordingly, Plaintiff's claims against FTS Services will be dismissed.

With respect to the negligence claims against parent company FTS International, Defendants do not argue that the Worker's Compensation Act bars Plaintiff's claims; Defendants contend instead that Plaintiff failed to plead facts illustrating that FTS International owed a duty to Decedent. (Doc. 13 at 14–16). A cause of action for negligence in Pennsylvania "requires a showing of four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendants breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage." Pyeritz v. Com., 32 A.3d 687, 692 (Pa. 2011) (citing Krentz v. Consol. Rail Corp., 910 A.2d 20, 27 (Pa. 2006)). Thus, the existence of a duty is integral to a negligence claim.

Plaintiff is correct that § 323 of the Restatement (Second) of Torts was adopted by the courts in Pennsylvania, and provides that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
>   (a) his failure to exercise such care increases the risk of such harm, or
>
>   (b) the harm is suffered because of the other's reliance upon the undertaking.

Scampone v. Grane Healthcare Co., 169 A.3d 600, 617 (Pa. Super. Ct. 2017) (quoting Restatement (Second) of Torts § 323). Liability may also be found when the party performing the service should reasonably foresee that injury to a third party would be a normal and natural result of any negligence. Id. at 618.

The Amended Complaint states that FTS International instituted safety protocols, and provided documentation and training to staff employed by subsidiaries such as FTS Services. (Doc. 10 ¶ 15). Thus, it appears at this stage in the litigation that FTS International had a duty to use reasonable care when promulgating safety protocols and training subsidiary staff. The Amended Complaint, however, does not plead facts indicating a failure by FTS International to exercise reasonable care in these respects.[2] The Amended Complaint alleges only that FTS International failed to properly monitor the employees of FTS Services, despite the fact that neither Decedent, nor his coworkers or supervisors, had any employment relationship with FTS International.

If FTS International endeavored to provide some sort of safety monitoring service to its subsidiaries, § 323 of the Restatement (Second) of Torts could arguably warrant finding a duty to review compliance with safety protocols by FTS Services' employees. Plaintiff has alleged no such facts. To the extent Plaintiff may be attempting to demonstrate that a parent company owes a common law duty to maintain a safe work place, Plaintiff must show that FTS International exercised so much control over FTS Services's employees that they are essentially FTS

---

[2] In his response to Defendants' motion, Plaintiff states that he "takes the position that the training was either inadequate or that the safeguards were not enforced." (Doc. 14 at 5). The Amended Complaint contains no allegations that training was inadequate. Arguments in a brief may not be considered as a substitute for allegations in a complaint. Dongelewicz v. PNC Bank Nat'l Ass'n, 104 F.App'x 811, 819 n.4 (3d Cir. 2004) (citing Williams v. New Castle Cnty., 970 F.2d 1260, 1266 n.4 (3d Cir. 1992)).

5

International employees as well. McNeal v. Arcelormittal USA, Inc., Civ. No. 15-03517, 2015 WL 9489590, at *2 (E.D. Pa. Dec. 29, 2015). No such showing has been made.

As pleaded, the facts in the Amended Complaint illustrate that FTS International created safety protocols and provided training to FTS Services's staff. There are no allegations that reasonable care was not used. No authority has been provided by Plaintiff that supports his contention that the promulgation of safety protocols by a parent corporation for employees of a subsidiary spawns a duty to continuously monitor adherence to the protocols. Therefore, the negligence claims against FTS International must be dismissed.

The Court will provide Plaintiff with a final opportunity to amend the complaint. The Court warns Plaintiff that failure to file a second amended complaint that addresses the deficiencies discussed above will result in a dismissal with prejudice. See, e.g., Taylor v. Pilewski, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008) ("[the c]ourt need not provide endless opportunities" for amendment); Houser v. Donahoe, 2013 WL 6838699, at *6 (W.D. Pa. Dec. 27, 2013) ("it . . . would be inequitable to require Defendant, who already once has exhaustively and successfully defended Plaintiff's grievances, to respond to a continuous stream of . . . attempted amendments"), aff'd sub nom., Houser v. Postmaster General, 573 F.App'x 141, 142 (3d Cir. Jul. 28, 2014).

If Plaintiff chooses to file a second amended complaint, he is reminded that conclusory or speculative assertions will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). In addition, Plaintiff is reminded of his obligation under Federal Rule of Civil Procedure 11(b)(3) that all "factual

contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

* * *

Accordingly, for the reasons above, IT IS HEREBY ORDERED that:

Defendants' motion to dismiss (**Doc. 12**) is **GRANTED** and Plaintiff's Amended Complaint (**Doc. 10**) is **DISMISSED** without prejudice to Plaintiff filing a second amended complaint on or before **May 30, 2018**.

IT IS SO ORDERED.


May 16, 2018 /s/ Cathy Bissoon
Cathy Bissoon
United States District Judge


cc (via ECF email notification):

All Counsel of Record