IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

DAVID C. WALLS, INDIVIDUALLY AND )
AS ADMINISTRATOR OF THE ESTATE )
OF DAVID R. WALLS; ) 2:17-CV-00872-MJH
)
Plaintiff, )
)
vs. )
)
FTS INTERNATIONAL, INC., )
)
Defendant, )

OPINION AND ORDER

Plaintiff, David C. Walls, Individually and As Administrator of the Estate of David R. Walls ("decedent"), brings the within action for the death of David R. Walls stemming from a single vehicle accident. (ECF No. 16). In a Second Amended Complaint filed on May 30, 2018, Plaintiff asserts claims for negligence under Pennsylvania's Wrongful Death and Survival Acts, 42 Pa. C.S. §§ 8301-8302. *Id.*

Pending before the Court is Defendant, FTS International, Inc.'s ("FTS, Inc."), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon review of the Second Amended Complaint (ECF No. 16), Defendant, FTS, Inc.'s, Motion to Dismiss and Brief in Support (ECF Nos. 17 and 18), Plaintiff's Brief in Opposition (ECF No. 19), Defendant, FTS, Inc.'s, Reply to Brief in Opposition (ECF No. 20), and for the reasons stated below, Defendant's Motion to Dismiss for failure to state a claim is granted.

I.  **Background**

The pertinent facts from the pleadings are as follows. On June 24, 2014, Plaintiff's decedent was operating a commercial truck as an employee of FTS International Services, LLC, a subsidiary of Defendant, FTS, Inc., when he fell asleep behind the wheel and crashed into trees

and a telephone pole thereby causing injury and ultimately his death. (ECF No. 16 at ¶¶ 4-6, 8, 11). Plaintiff alleges that decedent was required to drive in excess of the allowable hours of the Pennsylvania Department of Transportation when he departed for Wintersville, Ohio from Eighty-Four, Pennsylvania. *Id.* at ¶ 7. The Second Amended Complaint further alleges that prior to driving, the decedent was visibly tired and that coworkers and supervisors were notified of the same. *Id.* at ¶ 8. Furthermore, Plaintiff avers that decedent's supervisors did not take steps to ensure Mr. Walls was able to safely operate his truck and that Defendant, FTS, Inc., as the parent company, failed to implement and observe safeguards for which it had assumed responsibility. *Id.* at ¶ 9.

As to FTS, Inc., the Plaintiff asserts that FTS Services engaged in a course of conduct of forcing drivers onto the road without requisite rest based upon negligence and/or unlawful practices imposed upon them or provided to them by FTS, Inc. *Id.* at ¶ 12. The Plaintiff also alleges that FTS, Inc. provided documentation and training to FTS Services, and as a result, assumed a duty to ensure that workers were adequately trained, including supervisors to ensure the safety of subordinates. *Id.* at ¶13. In addition, FTS, Inc. was allegedly aware that that drivers were being placed unlawfully on the road by FTS Services, and that FTS, Inc. failed to condemn the practice. *Id.* at ¶15. The Complaint avers that FTS, Inc. condoned this practice because it had a positive impact on its profits. *Id.* at ¶¶ 16-17. Plaintiff alleges that FTS, Inc. assumed duties by virtue of its initial public offering (IPO) statement wherein it states that it is subject to OSHA, comparable state statutes, and mandates of the state and federal Departments of Transportation. *Id.* at ¶¶ 18-21. Plaintiff alleges that FTS, Inc.'s conduct evidences wanton, reckless, callous, and total disregard for the safety and well-being of Mr. Walls and the public in general and thus warranting an assessment of punitive damages. *Id.* at ¶¶ 36.

Prior to the filing of the Second Amended Complaint, this Court ruled on a prior motion to dismiss Plaintiff's Amended Complaint (ECF No. 10). In a Memorandum and Order from May 16, 2018[1], the Court dismissed FTS Services as a Defendant, based upon preemption under the Pennsylvania Worker's Compensation Act, 77 P.S. § 1, *et seq.* (ECF No. 15). The Memorandum and Order further set forth that Plaintiff's Amended Complaint adequately stated that FTS, Inc. had a legal duty to use reasonable care, but the Amended Complaint failed to plead sufficient allegations to support that FTS, Inc. failed to use reasonable care when promulgating safety protocols and training subsidiary staff. *Id.* at p. 5. Further, the Court stated that if FTS, Inc. endeavored to provide safety monitoring services to its subsidiaries, Section 323 of the Restatement (Second) of Torts could arguably warrant finding a duty to review compliance with safety protocols by FTS Services employees. *Id.* at p. 5. The Court also stated that, if the Plaintiff wants to demonstrate that FTS, Inc. owed a common law duty to maintain a safe work place, he must show that FTS, Inc. exercised so much control over FTS Services employees that such control rendered them FTS, Inc. employees as well. *Id.* at 5-6. Further, the Court stated that the Plaintiff had provided no authority to support the contention that the promulgation of safety protocols by a parent corporation for employees of a subsidiary spawns a duty to continuously monitor adherence to the protocols. *Id.* at 6. Accordingly, the Court dismissed the negligence claims against FTS, Inc. *Id.* Finally, the Court afforded Plaintiff a final opportunity to address the deficiencies in the Amended Complaint. *Id.*

On May 30, 2018, Plaintiff filed a Second Amended Complaint, which added the following pertinent allegations:

> 9. [... ]Defendant customarily failed to implement and observe safeguards for which Defendant assumed the responsibility.
> ***

---

[1] On October 14, 2018, this matter was reassigned from the Honorable Cathy Bissoon to the undersigned.

3

12. Based on information and belief, FTS Services engaged in a course of conduct of forcing drivers onto the road without requisite rest based upon negligent and/or unlawful practices imposed upon them or provided to them by FTS International.

13. Based on information and belief, FTS International provided documentation and training to all subordinate, sister, or related companies, including FTS Services, and as a result, at all relevant times, assumed a duty to ensure that workers were adequately trained, including supervisors to ensure the safety of their subordinates.

\*\*\*

15. Plaintiff believes and avers that FTS International was aware that drivers were being placed unlawfully upon roads by FTS Services whether due to inadequate training or failure to follow training, having not had sufficient rest time, and failed to condemn the practice thereby breaching their duty to safeguard the employees of FTS Services.

\*\*\*

18. In FTS International's Initial Public Offering (IPO), FTS International provided that, "We are subject to the requirements of the federal Occupational Safety and Health Act, commonly referred to as OSHA, and comparable state statutes that regulate the protection of the health and safety of workers."

19. As FTS International does not have any employees and utilizes FTS Services and other subsidiaries to perform operations, the statements above from the IPO clearly indicates an assumption by FTS International of providing a safe workplace for individuals including Mr. Walls.

20. Further, because FTS International assumed the duty of following OSHA and state statutory standards and compliance, they were obligated to ensure that drivers were safely placed on the road with the requisite amount of rest which included but was not limited to reviewing log books and checking trucker safety.

21. Plaintiff avers that the assumed duties include those requirements mandated by the Department of Transportation, both state and federal, which provide for the safety of truckers.

(ECF No. 16 at ¶¶ 9, 12-13, 15, and 18-21).

## II. STANDARD OF REVIEW

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir.

2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer

evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

## III. DISCUSSION

**Legal Duty of FTS, Inc.**

In its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, FTS, Inc., argues that the Second Amended Complaint fails to allege an existing duty by FTS, Inc. under Sections 323 or 324A of the Restatement (Second) of Torts or a common law duty to provide a safe workplace.

Restatement (Second of Torts) § 323 provides as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> > (a) his failure to exercise such care increases the risk of such harm, or
> > (b) the harm is suffered because of the other's reliance upon the undertaking.

*Scampone v. Grane Healthcare Co.*, 169 A.3d 600, 617 (Pa. Super. Ct. 2017) (quoting Restatement (Second) of Torts § 323). Liability may also be found when the party performing the service should reasonably foresee that injury to a third party would be a normal and natural result of any negligence. *Id.* at 618.

As regards any common law duty of a parent company to the employee of its subsidiary, the court in *McNeal v. Arcelormittal USA, Inc.*, 143 F. Supp. 3d 241(E.D. Pa. 2015), explained that "a parent company does have a duty in some circumstances to provide a safe workplace for the employees of a wholly- owned subsidiary." *Id.* 247-48 (E.D. Pa. 2015). Said duty is limited to where the parent company "maintain[ed] such control over the employee that they are

6

effectively the employer." *Id.* at 248. However, parent companies do not have a per se duty to provide a safe workspace. *Id.* Instead, a parent company may be subject to liability only if it undertook such a duty. *Id.*

In the present case, Judge Bissoon's Memorandum and Order dated May 16, 2018 (ECF No. 15) addressed these first two duties. As to Section 323, Judge Bissoon stated:

> The Amended Complaint states that FTS International instituted safety protocols, and provided documentation and training to staff employed by subsidiaries such as FTS Services. (Doc. 10 ¶ 15). Thus, it appears at this stage in the litigation that FTS International had a duty to use reasonable care when promulgating safety protocols and training subsidiary staff. The Amended Complaint, however, does not plead facts indicating a failure by FTS International to exercise reasonable care in these respects. The Amended Complaint alleges only that FTS International failed to properly monitor the employees of FTS Services, despite the fact that neither Decedent, nor his coworkers or supervisors, had any employment relationship with FTS International. If FTS International endeavored to provide some sort of safety monitoring service to its subsidiaries, § 323 of the Restatement (Second) of Torts could arguably warrant finding a duty to review compliance with safety protocols by FTS Services' employees. Plaintiff has alleged no such facts.

*Id.* at p. 5. Upon careful review of the Second Amended Complaint, the Plaintiff has not sufficiently pleaded any additional facts from its Amended Complaint to support the conclusory statements that FTS, Inc. had a duty under § 323 of the Restatement (Second) of Torts.

With regard to the common law duty of a parent company to maintain a safe work place, the Court stated:

> A cause of action for negligence in Pennsylvania "requires a showing of four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendants breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage." Pyeritz v. Com., 32 A.3d 687, 692 (Pa. 2011) (citing Krentz v. Consol. Rail Corp., 910 A.2d 20, 27 (Pa. 2006)). Thus, the existence of a duty is integral to a negligence claim.
>
> \*\*\*
>
> [...]Plaintiff must show that FTS International exercised so much control over FTS Services's employees that they are essentially FTS International employees as well. No such showing has been made. As pleaded, the facts in the Amended Complaint

7

> illustrate that FTS International created safety protocols and provided training to FTS Services's staff. There are no allegations that reasonable care was not used.

*Id.* at p. 4-6. Again, upon careful review of the Second Amended Complaint, the Plaintiff has not sufficiently pleaded facts to support the conclusory statements to establish that FTS, Inc. had any common law duty of a parent company to the employees of its subsidiary.

In the Second Amended Complaint, the Plaintiff proposes a third duty placed upon FTS, Inc. (ECF No. 16 ¶ 13, fn. 1). Restatement (Second) of Torts, Section 324A states:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> > (a) his failure to exercise reasonable care increases the risk of such harm, or
> > (b) he has undertaken to perform a duty owed by the other to the third person, or
> > (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Id.* at § 324A. For this Section to apply, FTS, Inc. "'must specifically have undertaken to perform the task that he is charged with having performed negligently, for without the actual assumption of the undertaking there can be no correlative legal duty to perform that undertaking carefully.'" *Reeser v. NGK N. Am., Inc.*, 14 A.3d 896, 899 (Pa. Super. 2011) (*quoting Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 263 (3d Cir. 2010)) (emphasis added). Section 324A does not give rise to an implicit or derivative duty that stems from another related duty undertaken by the defendant. *Id.* Instead, "the scope of the rule 'is measured by the scope of the defendant's undertaking. Even if a particular injury is foreseeable…a defendant must still have a specific duty to prevent the injury.'" *Id.* at 900 (*quoting Sheridan*, 609 F.3d at 263). In relation to Plaintiff's Second Amended Complaint allegations, relevant to a claim Section 324A duty, Plaintiff has pleaded:

8

Based on information and belief, FTS International provided documentation and training to all subordinate, sister, or related companies, including FTS Services, and as a result, at all relevant times, assumed a duty to ensure that workers were adequately trained, including supervisors to ensure the safety of their subordinates.

(ECF No. 16 at ¶ 13). Upon careful review of the Second Amended Complaint, the Plaintiff has not sufficiently pleaded facts to support the conclusory statements to establish that FTS, Inc. had a duty under Restatement (Second) of Torts, Section 324A.

Accordingly, the negligence claims against FTS International must be dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 16) pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED. Plaintiff's Second Amended Complaint is dismissed, without leave for further amendment.

## ORDER

AND NOW, this 2nd day of January, 2019, after careful consideration of the Second Amended Complaint (ECF No. 16), Defendant, FTS, Inc.'s, Motion to Dismiss and Brief in Support (ECF Nos. 17 and 18), Plaintiff's Brief in Opposition (ECF No. 19), Defendant, FTS, Inc.'s, Reply to Brief in Opposition (ECF No. 20), and for the reasons stated above, Defendant's Motion to Dismiss for failure to state a claim is GRANTED. Plaintiff's Second Amended Complaint is dismissed, with prejudice.

DATED this 2nd day of January, 2019.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge